|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DURAN D. DEWITT,

      Plaintiff,                   No. CIV S-09-0880 DAD P

      vs.

SACRAMENTO POLICE DEPARTMENT, et al.,

      Defendants.         ORDER

_____/

      Plaintiff is currently confined at the Rio Cosumnes Correctional Center ("RCCC"), and is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In accordance with the court's September 4, 2009 order, plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $17.33 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has named the Sacramento Police Department and Deputy Vandusen as defendants. Plaintiff alleges that he fled on foot during a police pursuit, but

3

as soon as "Hutch" a police K-9 caught up to him, he immediately surrendered. Plaintiff also alleges that he was already in handcuffs when another officer ordered his K-9 "Buck" to "get him." According to plaintiff, Buck went straight for plaintiff's neck, and since plaintiff's hands were handcuffed behind his back he could not protect himself from the dog attack. Plaintiff alleges that he passed out due to pain inflicted by the police dog in the attack and woke up at U.C. Davis Medical Center. Plaintiff claims that the defendants violated his right to be free from the excessive use of force in connection with his arrest. In terms of relief, plaintiff requests damages from the Sacramento Police Department. He also requests that defendant Vandusen be subject to a disciplinary hearing and be issued a formal reprimand. (Compl. at 3.)

## DISCUSSION

I. Plaintiff's Claim Against the Sacramento Police Department

The court finds that plaintiff's complaint does not state a cognizable claim for relief against the Sacramento Police Department. Plaintiff is advised that a municipality is only subject to liability under § 1983 if its official policy, practice, or custom causes a constitutional violation. See Monell v. Dep't of Social Servs., 436 U.S. 658, 692 (1978). A city or county may not be held vicariously liable for the unconstitutional acts of its employees under a theory of respondeat superior. See Bd. of County Comm'r's v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. Here, plaintiff has not alleged that his injuries were caused by a Sacramento Police Department policy, practice, or custom. Accordingly, the court will not order service of plaintiff's complaint on this defendant.

II. Plaintiff's Claim Against Deputy Vandusen

The court finds that plaintiff's complaint appears to state a cognizable claim for relief against defendant Vandusen under the Fourth Amendment. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action against this defendant. See Graham v. Connor, 490 U.S. 386 (1989). However, the court will not order service of plaintiff's complaint on defendant Vandusen at this time. As noted above, in

terms of relief, plaintiff requests only that defendant Vandusen be subject to a disciplinary hearing and receive a formal reprimand. Plaintiff is advised that the taking of a disciplinary action against the defendant is not a remedy available to plaintiff in this civil rights action. The court will, however, grant plaintiff leave to file an amended complaint to re-state his claim against defendant Vandusen and clarify his request for relief. If, for example, plaintiff believes he is entitled to compensatory or punitive damages as a result of the alleged violation of his constitutional rights by the actions of defendant Vandusen, he should so state in a clear fashion in the space provided on the form complaint and indicate the specific amount in damages that he seeks from the defendant.

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 6, 2009 motion to proceed in forma pauperis (Doc. No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $17.33. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

/////

1    4. Plaintiff is granted thirty days from the date of service of this order to file an
2 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
3 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
4 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
5 amended complaint in accordance with this order will result in a recommendation that this action
6 be dismissed without prejudice.

7    5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
8 civil rights action.

9 DATED: October 30, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dewi0880.14

6